STATE OF MISSOURI at the Relation of ROY McKITTRICK, Attorney General, Relator, v. WILLIAM DEE BECKER and EDWARD J. Mc-CULLEN, Judges of the St. Louis Court of Appeals.—81 S. W. (2d) 948.

Court en Banc, April 16, 1935.

*Roy McKittrick,* Attorney General, and *James L. HornBostel,* Assistant Attorney General, for relator.

*Jacob M. Lashly* and *Williams, Nelson & English* for respondents.

HAYS, J.—This is an original proceeding in prohibition brought by the State at the relation of the Attorney General, in his official capacity, to prohibit and restrain the respondents, as Judges of the St. Louis Court of Appeals, from reappointing one Robert L. Sutton to the office of commissioner of that court.

Upon the filing of the relator's petition and the making of our order for the issuance of our provisional rule in prohibition the respondents waived the issuance of the rule and, taking the petition as and for our writ, filed their demurrer thereto. The cause was submitted upon the issues so joined, and the facts pleaded in the petition stand as admitted. The question of law thus raised is for determination upon the proper interpretation to be placed on an

amendment of our Constitution known as the nepotism provision (Art. 14, Sec. 13). The facts are as follows:

The respondents and the Honorable Jefferson D. Hostetter are the legally and duly elected, qualified and acting Judges of the St. Louis Court of Appeals.

That court for many years has had commissioners, and now has two, whose duty it is and has been to sit with the court when required by the court so to do, and to prepare opinions in such cases as may be referred to them by the court for that purpose, and whose offices are and have been heretofore duly created and provided for from time to time by Acts of the General Assembly of this State (Laws 1923, p. 147; House Bill No. 4, 58th General Assembly), and who are required by law to possess the same qualifications as judges of that court.

The present commissioners, namely, the Honorable Robert L. Sutton and the Honorable Walter F. Bennick, were appointed under Laws 1931, pages 183-184, each for a term of four years, and their terms as such commissioners will expire on June 18, 1935.

Under House Bill No. 4, effective April 1, 1935, said offices were continued for another term of four years beginning on June 19, 1935. Said acts provide that no more than one of said commissioners shall belong to the same political party and that said commissioners shall belong to the two political parties casting the greatest number of votes at the last preceding general election.

Commissioner Sutton was first appointed a commissioner of said Court of Appeals for a term of two years beginning June 19, 1923; reappointed for a term of two years beginning June 19, 1925; reappointed for a term of four years beginning June 19, 1927; and last appointed for a term of four years beginning June 19, 1931. During all that period he belonged and now belongs to the Democratic Party, which was one of the two political parties casting the greatest number of votes at each general election last preceding each of his said appointments and at the by-election of last November.

Commissioner Sutton is now being considered for reappointment as a commissioner of said court for a term of four years provided by said House Bill No. 4, beginning on June 19, 1935, and ending June 18, 1939. He is related within the fourth degree of consanguinity to one of the said judges, being a first cousin of Judge Hostetter, but in nowise related to either of the other judges. It is conceded that because of said provision and the relationship of consanguinity existing between Judge Hostetter and Commissioner Sutton, as aforesaid, the former, as judge of said court, has declined to cast his vote for the reappointment of the latter as commissioner of said court, and has expressly declared his intention and will not so cast his vote.

Notwithstanding said relationship existing between Judge Hostet-

ter and Commissioner Sutton, the respondents, who constitute a majority of the judges of said Court of Appeals, acting in the exercise of their individual prerogatives as judges of said court, but free from any connivance, agreement or conspiracy with the said Judge Hostetter or with each other, or with anyone else, are now threatening to cast, and have indicated and declared their intention to cast their respective votes, as such judges, for said Commissioner Sutton for reappointment as such commissioner for the term established in said House Bill No. 4. Respondents, by their respective votes as the majority of the members of said court, will cause the said Commissioner Sutton to be so reappointed by an order made and entered by respondents as the order of that court, unless prohibited and restrained from so doing by this court's writ of prohibition.

In the petition it is stated substantially that Judges Becker and McCullen, who constitute the majority of the judges of said court, in so exercising the court's power of appointment in the manner threatened, are entirely free from any connivance, agreement or conspiracy with Judge Hostetter, or with each other or with anyone else, and hold the judicial view that the action which they are about to take in the premises lies within their judicial powers and discretion, that such reappointment is proper and lawful and not within the inhibition of said constitutional provision. But it is alleged in the petition that, nevertheless, such action upon their part will violate said constitutional provision and will, therefore, be in excess of their jurisdiction in the premises. And this is the issue for determination.

The constitutional provision in question (Art. 14, Sec. 13) provides:

"Any public officer or employee of this State or any political subdivision thereof who shall, by virtue of said office or employment, have the right to name or appoint any person to render service to the State or to any political subdivision thereof, and who shall name or appoint to such service any relative within the fourth degree by consanguinity or affinity, shall thereby forfeit his or her office or employment."

This provision has twice been before this court: State ex inf. Atty. Gen. v. Whittle, 333 Mo. 705, 63 S. W. (2d) 100, and State ex inf. Pros. Atty. v. Ferguson, 333 Mo. 1177, 65 S. W. (2d) 97. In the latter case it was held to be applicable to the mayor of a city of the third class who, by virtue of his office, appointed a first cousin to render service to such city.

In the above-cited Whittle case a school district employed, as a teacher, the relative of a member of its board of three directors. One director voted against the employment of the relative. The teacher was chosen by the votes of one director not related, and the one director that was related to the teacher. Obviously, the present case is

not in parallel with that one, which is the pioneer case in this court dealing with the nepotism provision and states its true meaning.

The relator takes the position that the true meaning of said provision, as decided in that case, would render the appointment of Commissioner Sutton by the two members of the Court of Appeals not related to him, just as obnoxious to the provision as if one of the two were related to him; this, notwithstanding the fact that the third member who is related to the proposed appointee, declines to participate in any manner in the purpose of his associates or in aid of the result of the combined action of the two.

In the carefully considered opinion in that case, written by GANTT, C. J., the conditions that led to the adoption of the nepotism provision, and the evils sought to be corrected thereby, are pointed out and commented upon. It is unnecessary to repeat here what was there said in that regard. Any interested reader may examine that case for details. The decisive passage quoted by the relator from that opinion is as follows:

"The amendment is directed against officials who shall have (at the time of selection) 'the right to name or appoint' a person to office. Of course, a board acts through its official members, or a majority thereof. If at the time of the selection a member has the right (power), either by casting a deciding vote or otherwise, to name or appoint a person to office, and exercises said right (power) in favor of a relative within the prohibited degree, he violates the amendment."

We are of the opinion that the reason of decision, as it appears in the quotation given, and as stated in the provision itself, does not support relator's position. The essence of the provision and likewise of said decision is the power of appointment vested in one and the successful exercise thereof by him in accomplishing the appointment of his relative. Action, direct or indirect, not inaction is prohibited. The only correlation expressed or implied is a specific kinship existing between two individuals, specifically indicated, and none other. No implication may properly be drawn from what has just been said that one clothed with a power of selection or appointment, might not through connivance or confederation with his associates who share in such power, bring himself within said prohibition. Such is not the present case. Nor have we any call to consider in what circumstances one who acts in connivance in bringing about the appointment of a relative of an associate of his in the exercise of the power of appointment will suffer penalty as for violation of said provision.

Some of the states—among them Idaho, Texas and Florida—have anti-nepotism statutes specifically including and covering situations such as those last mentioned and excluded from our consideration. No purpose would be subserved by noticing them other than by this

reference which is made merely to indicate their more extensive and inclusive scope as compared to our organic law on the same subject. As tending to indicate a purposeful framing of our more limited provision the records of the proceedings of the Constitutional Convention disclose that the provision in question was phrased in more than one form, and more drastic, before its final acceptance by the convention. For example: ''No wife or husband of any member, *nor any* person related *to any member* by blood or marriage within the third degree of consanguinity or corresponding relationship, shall be appointed to any position in'' a designated body.

Now, in the instant proceeding it is freely conceded that in the intended appointment there is not in fact or in semblance any connivance, agreement, confederation, or conspiracy between the majority members of the Court of Appeals as between themselves or as between them, on the one hand, and the non-voting member on the other, or any common design between any two of them, that the two should accomplish in behalf of any or all a prohibited purpose. The sum of the matter is that Judges Becker and McCullen are about, honestly and in good faith, to exercise their official power in securing for the Court of Appeals the continued and uninterrupted services of a commissioner whose record of integrity of character, untiring industry, and distinguished judicial service, has met with the unqualified approval alike of his associates on the Court of Appeals and the bench and bar of the State.

In view of the foregoing considerations we are of the opinion that the threatened action of the respondents is not beyond or in excess of their jurisdiction as members of the St. Louis Court of Appeals and is not in violation of Section 13 of Article 14 of our State Constitution.

Our provisional rule in prohibition herein should be and is discharged. All concur.