Dear Senator Strong:
This letter is in response to your request for an opinion on the following questions:
 Under section 205.041 [sic] it states that a hospital board shall have exclusive power over all monies and property. The following questions concerning a contract between a hospital board and a research management have been raised.
 1. Can such hospital officials sign away their powers or any part thereof?
 2. Is the hospital board required to have three (3) proposals and make these proposals public knowledge?
 3. Can a hospital board member be legally seated on a hospital board with his spouse working for the hospital?
 4. Should the attorney for the hospital board be given time to evaluate a contract before it is signed by its members?
In answer to your first question, we are enclosing a copy of Opinion No. 16-84, decided concurrently with this opinion. This opinion concluded that county hospital boards of trustees may not delegate or contract away their governmental functions with regard to county hospitals. We believe that opinion answers your first question.
In answer to the second question asked, we look to the statute that specifies the procedure for entering into cooperative agreements, Section 70.230, RSMo 1978, which states:
 Any municipality may exercise the power referred to in section 70.220 by ordinance duly enacted, or, if a county, then by order of the county court duly made and entered, or if other political subdivision, then by resolution of its governing body or officers made and entered in its journal or minutes of proceedings, which shall provide the terms agreed upon by the contracting parties to such contract or cooperative action.
See also Section 70.300, RSMo 1978. We are aware of no statutory procedure requiring the hospital board of trustees to possess three copies of any proposed cooperative agreement. Public notice of any meeting at which such cooperative agreements are discussed would be posted under the notice provisions of the Sunshine Law, Sections 610.020, RSMo Supp. 1982; however, there is no public notice procedure specifically applicable to cooperative agreement proposals.
As to the third question posed, we find that Article VII, Section 6, Missouri Constitution, states:
 Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree by consanguinity or affinity, shall thereby forfeit his office or employment.
In State ex inf. McKittrick v. Whittle, 333 Mo. 705,63 S.W.2d 100 (banc 1933), the court held that the predecessor of the constitutional provision just quoted applies to appointments made by bodies made up of more than one person.
In State ex rel. McKittrick v. Becker, 336 Mo. 815, 81 S.W.2d 948
(banc 1935), the court held that no violation of the nepotism provision occurs if the related member of the appointing authority abstains on the vote to appoint the relative within the prohibited degree of relationship. See also State ex inf. Stephens v.Fletchall, 412 S.W.2d 423 (Mo. banc 1967).
In State ex inf. Graham v. Hurley, 540 S.W.2d 20 (Mo. banc 1976), the court held that any vote by the related board member to appoint his or her relative within the prohibited degree creates a violation of the nepotism provision, regardless of whether or not the vote was necessary to effect the appointment.
In Opinion Letter No. 354, Hazel, 1975, this office concluded that the nepotism provision is not violated if a relative within the prohibited degree is employed prior to the election of a related member of a third-class county hospital board of trustees. The opinion letter states that votes on salary increases incidental to the original employment were not prohibited by the nepotism provision (although abstention may be ethically appropriate conduct), but that a vote on the appointment or promotion of the related employee to a distinctly different position is prohibited by this provision. Accordingly, the husband of a hospital employee may be a member of a third-class county hospital board of trustees, so long as the board member abstains or otherwise does not vote on the appointment of the employee or on the promotion of such employee to a distinctly different position.
We believe that the fourth question asked is a matter of courtesy and involves the relationship between the board and its attorney; it does not involve a legal question.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 16-84